UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM CUMMINS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:13-cv-263-WTL-WGH |
| MARK SEVIER[1], | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of William Cummins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 13-04-0147. For the reasons explained in this Entry, Cummins' habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

---

[1] The petitioner's current custodian, is substituted as the sole, proper respondent in this action.

### B. The Disciplinary Proceeding

On April 11, 2013, Correctional Officer Eslick wrote a conduct report that charged Cummins with class B offense 207, unauthorized possession of an electronic device. The conduct report stated:

> On 4-11-13 at approx[.] 2025 (sic), while working 18 North, I, C/O T. Eslick #207 was conducting a random shakedown on Offender Cummins, William #944208 person, and his property. During shakedown, I, C/O T. Eslick #207 discovered a "Mighty Bright" reading light that had a cell phone charger attatched (sic) to the batteries, located on Offender Cummins bunk. I confiscated the "Mighty Bright" reading light with the cell phone charger attatched (sic). Offender Cummins was advised of this conduct report and identified by his state issued I.D. The reading light was partially concealed by Offender Cummins' pillow and blanket.

On April 15, 2013, the screening process was conducted. However, the name written as the offender receiving the paperwork was Fred Richards. This name is signed at the bottom of the conduct and screening reports and the notice of the confiscated property. The disciplinary hearing was set for April 17, 2013. However, the hearing was postponed "[d]ue to need for further investigation" because "another offenders (sic) signature is on the paperwork, Cummins is claiming that he wasn't screened. Although he is in possession of the paperwork given out at screening." A witness statement from Offender Tyler Hogue was obtained because it was requested during the April 15th screening. Hogue stated "[o]n 4-11-13 I, Tyler Hogue was found to be in possession of a phone. I was found with it in the day room D side. The charger to my phone was on Cummings (sic) bed. I was back there texting. He had no knowledge of the charger." The hearing was reconvened on April 25th and at that time Cummins' statement at the hearing was still "I have not been screened for this case. I don't know about this case. I was not even in the dorm at this time." The hearing officer conducted the prison disciplinary hearing and found Cummins guilty of Class B offense 207, unauthorized possession of an electronic device.

The sanctions recommended and approved were an earned credit time loss of 60 days, a credit class demotion from credit class I to credit class II, and a written reprimand. These sanctions were imposed because of the serious nature of the offense, the offender's attitude and demeanor during the hearing and the degree to which the violation endangered the security of the facility. In making this determination, the hearing officer relied on the conduct report and Cummins' statement at the hearing. Cummins appealed unsuccessfully and the present action ensued.

**C. Analysis**

Cummins challenges the disciplinary proceeding, arguing that he was denied 24-hour notice of the hearing, and was refused physical evidence and witnesses.

1. *Notice*

Cummins first argues that he did not have notice of the disciplinary action because he was never screened and "another offender signed [his] paperwork." It is true that there was a different offender's signature on the conduct and screening report. But the first hearing was postponed to allow the hearing officer to investigate this fact. Due process requires that an offender have a written notice of the charges at least 24 hours before the hearing. *Superintendent v. Hill*, 472 U.S. 445 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974). The purpose of "notice of the charges against him 'in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.'" *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (quoting *Wolff*, 418 U.S. at 564).

Here, the hearing was originally scheduled for April 17th but that date was postponed in order for the hearing officer to investigate Cummins' claim that he had not been screened. The hearing officer noted at that time that "he is in possession of the paperwork given out at

screening." Even if Cummins had originally not been screened the first time on April 15, 2013, he was made aware of the charges at least by the date of the first hearing. The hearing officer specifically noted that Cummins was "in possession of the paperwork given out at screening" which would be the conduct and screening reports. Cummins then had eight days from the first date of the hearing on April 17th until the hearing reconvened on April 25th to prepare for the hearing. In these circumstances, his due process right to 24-hour notice of the hearing was not violated.

2. *Evidence and Witnesses*

Cummins also argues that he was denied evidence and witnesses. He states that he asked for the log sheet showing the time he was logged in and a statement from Mr. Richards, whose signature is found on the screening report. He also argues that he requested that Mr. Richards and Mr. Hogue be present at the hearing.

On the April 15th screening, which appears to have been signed by Mr. Richards, a witness statement from Tyler Hogue was requested. Mr. Hogue did in fact provide a witness statement, stating "The charger to my phone was on Cummings bed. I was back there texting. He had no knowledge of the charger." The record therefore shows that Cummins was not denied a witness statement from Mr. Hogue. With respect to Cummins' allegation that he was not allowed to obtain a witness statement from Mr. Richards, the person who was screened on the write up, Cummins has not stated what Mr. Richards' statement would have been or shown that his statement would have changed the outcome of the proceeding. He has therefore failed to show that he was prejudiced by his inability to have a statement from Mr. Richards. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings). To the extent Cummins claims that his rights were violated because he

was not permitted to have Mr. Richards and Mr. Hogue present at the hearing, inmates have a due process right to call witnesses, but that right is limited. *See Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff* 418 U.S. at 566; *see also Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials."). The denial of the presence of these witnesses at the hearing therefore did not violate Cummins' due process rights.

With respect to his allegation that he was not permitted to present the log sheet as evidence, Cummins also does not show that this evidence would have changed the outcome of the proceeding. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, Cummins was charged with possession of an electronic device because a cell phone charger was found on his bed. Because the charger was found on his bed, it was reasonable for the hearing officer to conclude that it belonged to him, whether he was in the area at the time or not. *Hamilton v. O'Leary,* 976 F.2d 341, 344 (7th Cir. 1992) (constructive possession will satisfy the "some evidence" standard where several inmates share access to an area where contraband is discovered). Cummins has therefore not shown a violation of his due process rights here.

**Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Cummins' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/04/14

Distribution:

All electronically registered counsel

William Cummins
DOC #944208
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN  46914

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana